John H. Tarlow
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College Street
Bozeman, MT 59715-4913
Telephone:  (406) 586-9714
Facsimile:  (406) 586-9720
jtarlow@lawmt.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| Jackson Contractor Group, Inc., | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Indian Harbor Insurance Company; | ) | **COMPLAINT AND DEMAND** |
| Am Trust International | ) | **FOR JURY TRIAL** |
| Underwriters, Ltd. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Jackson Contractor Group, Inc., by and through its counsel of

record, Tarlow Stonecipher Weamer & Kelly, PLLC, for its Complaint against

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 1

Defendants Indian Harbor Insurance Company and AmTrust International Underwriters, Ltd., states and alleges as follows:

## PARTIES

1.     Plaintiff Jackson is a corporation formed under the laws of Montana, with its principal place of business in Missoula, Montana.

2.     Defendant Indian Harbor is a corporation formed under the laws of Delaware with its principal place of business in Connecticut.

3.     Defendant AmTrust is, on information and belief, an Irish limited company and alien surplus lines insurer, which is engaged in the business of issuing insurance policies in the State of Montana.

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over Indian Harbor and AmTrust under Mont. Civ. P. Rule 4(b)(1)(A) because Indian Harbor and AmTrust transact business within Montana and contracted to insure risks in Montana.

5.     Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are not citizens of the same state and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Montana, and under §§ 1391(b)(1), (c)(2), and (d) because Indian Harbor

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 2

and AmTrust are subject to the Court's personal jurisdiction with respect to this action.

7.      Venue is proper in this division under L.R. 3.2 and MCA § 25-2-121(2)(c).

## THE INSURANCE POLICIES

8.      Indian Harbor issued a pollution and professional liability insurance policy to Jackson, policy number of CEO7446503, with a November 1, 2017 to November 1, 2018 policy period ("the Indian Harbor Policy").

9.      The Indian Harbor Policy affords coverage for certain claims made during the November 1, 2017 to November 1, 2018 policy period.

10.     In the Indian Harbor Policy, Indian Harbor promised that it would pay sums that Jackson becomes legally obligated to pay because of claims resulting from, among other things, a "Pollution Condition" at a construction project site. The Policy defines "Pollution Condition" to include mold, mildew or any type or form of fungus in or on a project's buildings or structures.

11.     Indian Harbor further promised in the Indian Harbor Policy that it would pay sums that Jackson becomes legally obligated to pay because of a claim resulting from a negligent act, error, or omission in Jackson's "Professional Activities and Duties."

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 3

12.     The Indian Harbor Policy defines "Professional Activities and Duties" to include "those activities whether part of, incidental to, or for which [Jackson has] responsibility in [Jackson's] business as a construction contractor, construction manager, construction support services provider, including but not limited to developer, owner's representative, property manager, leasing agent, real estate broker/agent, architect, engineer, materials tester, geotechnical tester, surveyor, environmental contractor, environmental consultant, environmental support services provider, which are undertaken by or under the supervision of persons or personnel who have attained an appropriate professional qualification, certification or license, where applicable."

13.     Indian Harbor further promised in the Indian Harbor Policy that it would pay for Jackson's legal expenses incurred in the defense of claims arising from a Pollution Condition or Professional Activities and Duties.

14.     The Indian Harbor Policy includes an "Other Insurance" clause, purportedly making its coverage "excess over any other valid and collectible insurance."

15.     The Indian Harbor Policy does not identify any specific insurance policy, in a schedule or otherwise, that it is excess to.

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 4

16.     The Indian Harbor Policy is the only insurance policy that provides Jackson with pollution and professional liability coverage for claims made between November 1, 2017 and November 1, 2018.

17.     The AmTrust Policy issued Jackson a Commercial General Liability insurance policy numbered PAL 1256211-00 ("the AmTrust Policy").

18.     The AmTrust Policy states that AmTrust will pay those sums that the insured becomes legally obligated to pay as damages because of property damage to which the AmTrust Policy applies, and that AmTrust has a duty to defend against any suit seeking those damages.

19.     The AmTrust Policy defines "property damage" to include "physical injury to tangible property."

## FACTS

20.     Jackson served as the general contractor on a project to construct the Avenue C Apartments in Billings, Montana ("the Project").

21.     The general contract for the Project provided that Jackson was to perform its work under the supervision of the Project's architect.

22.     In April 2018, the owner of the Project, Avenue C Apartments, LLC ("the Owner") filed an Answering Statement and Counterclaim against Jackson in American Arbitration Association Case No. 01-17-0006-9244 ("the Suit").

23.     The Suit includes both contract and tort claims against Jackson.

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 5

24.     The Suit alleges that Jackson is liable to the Owner for, among other things, "Jackson's failure to follow plans and specifications and Jackson's negligence."

25.     The Owner has also alleged in the Suit that Jackson is liable for the cost of cleaning up mold at the Project.

26.     The Owner has also alleged in the Suit that Jackson is legally obligated to pay the Owner damages because of physical injury to tangible property.

27.     Jackson forwarded the Suit to Indian Harbor, which acknowledged receipt on May 3, 2018.

28.     Although Indian Harbor has acknowledged that some of the claims in the Suit are potentially covered under the Indian Harbor Policy, Indian Harbor has never paid for or contributed to any of Jackson's defense costs.

29.     In addition, Indian Harbor has indicated that it believes some or all of its coverage is excess to the AmTrust Policy.

30.     On or before April 10, 2018, AmTrust acknowledged a duty to defend Jackson from claims by the Owner that are the subject of the Suit.

31.     Although AmTrust agreed that it owed a duty to defend Jackson, and AmTrust has paid some of Jackson's defense costs, AmTrust has failed to timely pay all of Jackson's defense costs, which failure has forced Jackson to pay for some of its own defense costs.

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 6

## CAUSES OF ACTION

## COUNT I – DECLARATORY JUDGMENT

32.    Jackson incorporates the previous paragraphs by reference.

33.    Pursuant to 28 U.S.C. §§ 2201-2202, this Court has power to declare the rights, status and other legal relations of the parties.

34.    The relief requested by this Complaint, if rendered or entered, would terminate uncertainty or controversy surrounding the matters alleged.

35.    An actual controversy exists between and among the parties regarding the rights and obligations of the parties under the Indian Harbor and AmTrust Policies.

36.    Jackson is entitled to a declaration as to the rights and obligations of the respective parties to this action, as well as a declaration regarding the coverages afforded by the Indian Harbor and AmTrust Policies.

37.    The declaratory relief sought includes, but is not limited to, declarations that (a) the Indian Harbor Policy covers Jackson's liability, if any, to the Owner in the Suit; (b) Indian Harbor owed and breached a duty to defend Jackson; (c) the Indian Harbor Policy is not "true excess insurance" in that it does not identify, in a schedule or otherwise, a particular underlying policy to which it is excess; (d) the Indian Harbor Policy is not excess to the AmTrust Policy or any other applicable insurance policy because the Indian Harbor Policy insures different risks than

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 7

Jackson's other insurance; (e) Indian Harbor cannot condition its obligation to pay sums that it owes on Jackson's behalf on contribution by or subrogation to third parties; (f) Indian Harbor breached its duty to defend Jackson by failing to pay for or contribute to Jackson's defense costs; (g) AmTrust breached its duty to defend Jackson by failing to timely pay for all of the defense costs that Jackson incurred in defending against the Suit; (h) Indian Harbor and AmTrust are estopped from denying coverage for the Suit as a result of their breaches of their duties to defend; and (i) any other declaratory relief that is, or becomes, appropriate.

## <u>COUNT II – BREACH OF CONTRACT</u>

38.    Jackson incorporates the previous paragraphs by reference.

39.    Indian Harbor and AmTrust each owed a duty to defend Jackson from the Suit.

40.    Indian Harbor and AmTrust breached their respective duties to defend Jackson—Indian Harbor by not paying for or contributing to any of Jackson's defense costs, and AmTrust by failing to timely pay for all Jackson's defense costs.

41.    Indian Harbor's and AmTrust's breaches of their respective duties to defend have proximately caused harm to Jackson in an amount to be proven at trial.

42.    Indian Harbor and AmTrust are also estopped from denying coverage for the Suit as a result of their respective breaches of their duties to defend.

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 8

## COUNT III – VIOLATION OF UNFAIR CLAIM SETTLEMENT PRACTICES

43.     Jackson incorporates the previous paragraphs by reference.

44.     Indian Harbor and AmTrust are liable for engaging in unfair claim settlement practices prohibited by the Unfair Claims Settlement Practices Act, MCA §§ 33-18-201 *et seq. See K-W Industries, a Div. of Associated Technologies, Ltd. v. National Surety Corp.*, 231 Mont. 461, 467, 754 P.2d 502, 506 (1988).

45.     A breach of MCA §§ 33-18-201 *et seq*. is conduct compensable in tort. *Id.* at 466, 505.

46.     According to MCA § 33-18-201(4), Indian Harbor and AmTrust could not "refuse to pay claims without conducting a reasonable investigation based upon all available information."

47.     Indian Harbor and AmTrust violated MCA § 33-18-201(4) by, among other things, failing to conduct a reasonable investigation into the Owner's claims against Jackson and the allegations in the Suit.

48.     Pursuant to MCA § 33-18-242, Jackson has an independent cause of action against Indian Harbor and AmTrust for the actual damages caused by their violations of MCA 33-18-201(4).

## PRAYER FOR RELIEF

WHEREFORE, Jackson prays for the following relief:

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 9

a.      For a declaration consistent with the pleadings herein;

b.      For an award of all money damages legally available as a result of

Defendants' breaches, acts, and/or omissions;

c.      For an award of pre- and post-judgment interest, as applicable;

d.      For an award of damages under MCA § 33-18-242(4);

e.      For an award of attorney's fees and other costs of litigation under

*Indiana University v. Douglas A. Buxbaum,* 315 Mont. 210, 69 P.3d 663 (2003), and

other applicable law; and

f.      For all other relief that this Court deems just and equitable.

## JURY DEMAND

Jackson demands a trial by jury pursuant to Fed. R. Civ. P. 38.

RESPECTFULLY SUBMITTED THIS 6th day of November, 2018.

TARLOW STONECIPHER
WEAMER & KELLY, PLLC

John H. Tarlow
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
Jtarlow@lawmt.com
*Attorneys for Plaintiff*

*Jackson Contractor Group, Inc. v. Indian Harbor Insurance Company, et al.*
Complaint and Demand for Jury Trial
Page 10